UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KEVIN ROSS SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:19-cv-00547-JRS-MJD |
| ) | |
| T.J WATSON, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND DIRECTING ENTRY OF FINAL JUDGMENT**

Petitioner Kevin Smith, an inmate at the United States Penitentiary in Terre Haute, Indiana, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his convictions for attempting to entice a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b). For the reasons that follow, Smith's petition must be denied.

**I. Factual and Procedural Background**

On December 11, 2013, Smith was charged in a five-count superseding indictment in the Northern District of Mississippi with attempting to use, persuade, induce, and entice a minor to produce child pornography, in violation of 18 U.S.C. § 2251(a) (Counts 1, 4); and attempting to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b) (Counts 2, 3, 5). *United States v. Smith*, 1:13-cr-162-MPM-DAS (N.D. Miss.) ("Crim. Dkt.") dkt. 21.

On June 12, 2014, Smith pleaded guilty to Counts 2, 3, and 5, and the government agreed to dismiss the remaining two counts. Crim. Dkt. 30, 31, 32.

On October 9, 2014, Smith was sentenced to 235 months' imprisonment for each count to be served concurrently. Crim. Dkt. 37. Smith did not appeal.

On February 27, 2018, Smith filed a motion to vacate under 28 U.S.C. § 2255, arguing that Counts 3 and 5 were unconstitutional because his activities would not have constituted a crime under Mississippi law. Crim. Dkt. 42. But the district court found that not only was Smith's motion untimely, his argument lacked merit as he was charged with attempting to persuade minors into performing acts that could have been prosecuted in the Mississippi courts under Miss. Code Ann. § 97-1-7 (attempted statutory rape and sexual battery). Crim. Dkt. 47.

Smith filed a request for a certificate of appealability with the Fifth Circuit arguing, among other things, that his convictions under 18 U.S.C. § 2422(b) are void because the statute is unconstitutionally vague under *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). *United States v. Smith*, 18-60402 (5th Cir. 2018). The Fifth Circuit denied the certificate of appealability because Smith's § 2255 motion had been dismissed as untimely. *Id.*

Smith then moved for authorization to file a second or successive 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence proposing to challenge his convictions under *United States v. Davis*, 139 S. Ct. 2319 (2019), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). Mr. Smith argued that § 2422(b) was unconstitutionally vague and violates due process because it relies on the residual clause of 18 U.S.C. § 16(b), which was declared unconstitutionally vague in *Dimaya*. *In Re: Kevin Ross Smith*, No. 19-60542 (5th Cir. 2019). The Fifth Circuit denied his request. *Id.*

On July 3, 2019, Smith again sought authorization to file a second successive § 2255 motion from the Fifth Circuit citing to *Davis*. That request was again denied. *See In Re: Kevin Ross Smith*, No. 19-60174 (5th Cir. 2019). After the denial, Smith filed a motion requesting the Fifth Circuit reconsider his request to file a second successive motion, and no action was taken on that motion. *Id.*

On November 12, 2019, Smith filed his petition and brief under § 2241, again challenging his convictions under *United States v. Davis*, 139 S. Ct. 2319 (2019), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).

## II. Discussion

In support of his petition for a writ of habeas corpus, Smith again argues that, under *Dimaya* and *Davis*, his convictions under 18 U.S.C. § 2422(b) are invalid because the statute is unconstitutionally vague.

A. *Section 2241 Standards*

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (en banc).  Under very limited circumstances, however, a prisoner may employ section 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause."

The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Roundtree*, 910 F.3d at 313 (*citing e.g., In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *Webster*, 784 F.3d at 1123). Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

3

The Seventh Circuit construed the savings clause in *In re Davenport*, holding:

> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d at 611. "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136.[1] Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).[2]

B. *Smith's Claim*

Smith fails to satisfy the first *Davenport* condition because *Davenport* applies to claims of statutory interpretation and *Dimaya* and *Davis* are both constitutional decisions. *Dimaya* held that the residual clause in 18 U.S.C. § 16(b) was unconstitutionally vague and violated due process. 138 S. Ct. at 1210. Similarly, *Davis* held that the residual clause in 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague. 139 S. Ct. at 2324. While Smith asserts that the Fifth Circuit stated that his claims under *Dimaya* and *Davis* did not meet the requirements to bring a successive § 2255

---

[1] In *Webster*, the Seventh Circuit held that the savings clause would permit consideration of "new evidence that would demonstrate categorical ineligibility for the death penalty." *Webster*, 784 F.3d at 1125.

[2] The respondent argues that statutory claims are not cognizable under §§ 2241 and 2255(e) but acknowledges that *Davenport* currently forecloses this contention. *See Roundtree*, 910 F.3d at 313 (acknowledging circuit split regarding *Davenport* conditions).

motion, this denial by the Fifth Circuit does not render § 2255 inadequate or ineffective to permit a § 2241 petition. *See Webster*, 784 F.3d at 1136.

Further, Smith has not shown that *Davis* or *Dimaya* apply to his convictions. In *Davis*, the Supreme Court considered the residual clause of 18 U.S.C. § 924(c), which provides a sentence enhancement for using or carrying a firearm "during and in relation to" or possessing a firearm "in furtherance of" any federal "crime of violence…." According to § 924(c)(3), a "crime of violence" is a felony that "(A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The *Davis* Court held that the residual clause, subsection (B), "provides no reliable way to determine which offenses qualify as crimes of violence and thus is unconstitutionally vague." 139 S. Ct. at 2324. The *Dimaya* Court addressed the definition of "crime of violence" in 18 U.S.C. § 16 as incorporated into the Immigration and Nationality Act's definition of "aggravated felony," 8 U.S.C. § 1101(a)(43)(F). The Court held that the residual clause of § 16, which defined a "crime of violence" as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" is unconstitutionally vague. 18 S. Ct. 1215-16.

Smith's sentence was not enhanced under 18 U.S.C. § 924(c)(3) or 18 U.S.C. § 16(b) and conviction under 18 U.S.C. § 2422(b) contains no similar language to those statutes. Section 2422(b) provides:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, ... knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

5

Section 2422(b) contains no residual clause, and Smith has identified no language that is similarly vague to the statutes at issue in *Dimaya* and *Davis*. While Smith argues that § 2422(b) "relies on" § 16(b), he does not adequately explain how or why. Further, to the extent that Smith challenges whether his actions supported his conviction for attempt, such challenge is more appropriate for a direct appeal. He has not shown that this challenge meets the requirements of the savings clause.

Smith has not shown that his claims satisfy the savings clause of § 2255(e) and that § 2255 is inadequate or ineffective. Moreover, he has not shown that, even if he could bring a § 2241 petition, he would be entitled to relief on the merits of his claims.

### III. Conclusion

For the foregoing reasons, Kevin Smith's petition for a writ of habeas corpus is **denied**.

Smith's motion for leave to amend petition, dkt. [16], is **granted** to the extent that his supplement has been considered.

Judgment dismissing this action with prejudice shall now issue.

**IT IS SO ORDERED.**

Date: 2/14/2021

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KEVIN ROSS SMITH
16251-042
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

All Electronically Registered Counsel